## CONNOLLY v. WICKS et al.

### L. A. No. 242; November 24, 1897. ·

#### 51 Pac. 37.

**Appeal.—Where There is a Conflict in the Evidence, a judgment based thereon will not be disturbed.**

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action of foreclosure by Eliza Connolly against M. L. Wicks and others. Decree for plaintiff, and defendant Alexander Robertson appeals. Affirmed.

. Ben Goodrich for appellant; Stephen M. White for respondent.

BELCHER, C.—On June 1, 1887, the defendant M. L. Wicks executed to Mary Connolly and Patrick Connolly his promissory note for $20,000, bearing interest at the rate of ten per cent per annum, and to become due June 18, 1888; and to secure payment of the note he, on the same day, executed to them a mortgage on two hundred and eighty acres of land, which contained the following clause: "It is agreed that any forty acres of this land will be released from this mortgage on payment of the sum of four thousand dollars for each and every forty acres so released." On September 7, 1887, Mary Connolly assigned all her interest in the said note and mortgage to Patrick Connolly. On June 22, 1889, Patrick Connolly assigned all his interest therein to John D.

Bicknell, the assignment being absolute in form, but intended only as collateral security for an indebtedness of the assignor. On June 15, 1891, Bicknell reassigned the note and mortgage to Patrick Connolly, and on March 7, 1892, the latter assigned the same to Eliza Connolly, the plaintiff. Shortly after the said mortgage was executed Wicks conveyed all the land covered by it to one R. F. Lotspeich, as trustee, for the purpose of making sales thereof in subdivisions. Lotspeich, as such trustee, conveyed to various persons parcels of the land in tracts of ten and five acres each, and eleven of such tracts were released from the mortgage. On May 31, 1888, Lotspeich sold and conveyed to defendant Robertson twenty acres of the said land for the sum of $4,000, which Robertson then and there paid to Wicks, who, under the terms of the said trust deed, was to receive all moneys paid for any of the land held by Lotspeich as trustee; but it does not appear that this money, or any part of it, was paid over to the mortgagee, or indorsed upon the said note, and this twenty-acre tract was not released from the mortgage. On March 29, 1892, plaintiff commenced this action to foreclose the said mortgage upon all the land not released therefrom, making a large number of persons parties defendant, upon the ground that they had, or claimed to have, some interest in the mortgaged premises. The case was tried, findings filed, and judgment entered in favor of the plaintiff against defendant Wicks for the amount due on the note and mortgage, with costs and attorney's fees, and ordering all the land sold, and the proceeds of the sale applied in satisfaction of the judgment. In due time defendant Robertson moved for a new trial, which was denied, and then appealed from the order denying his motion.

The contention of appellant is that his land should have been released from the lien of the mortgage, and that the findings to the contrary were not justified by the evidence. It is clear that, if the money paid by Robertson for his land had gone to the mortgagee, and been indorsed as a payment on the note, then, under the clause of the mortgage above quoted, the land should have been released. The amount paid was $4,000, and, though the land consisted of only twenty acres, instead of forty, that fact was immaterial, as the greater includes the less. But the mortgagee was under no obligation to release any part of his security until he received

the stipulated sum of $4,000. Of course, he might have released ten acres, or five acres, or even one acre, upon receiving $100 per acre therefor; but this was at his option. And the fact that he had on several occasions, at the instance of Wicks, released small tracts, did not obligate him to make any more releases of that kind.

To sustain his contention appellant relies mainly upon a transaction between Wicks and Bicknell on the 10th of June, 1890. It appears that Bicknell had told Wicks that the interest on the mortgage note was growing so rapidly that he could not wait commencing a foreclosure, and, as a result, Wicks indorsed and delivered to him a note made by Barclay & Wilson for $6,000, and bearing interest at the rate of seven per cent per annum; that Bicknell accepted the note, with the understanding that the money, when collected, was to be applied on the mortgage debt; that Bicknell never collected any part of the money due on the said note, but thereafter reassigned the same, with the note and mortgage, to Patrick Connolly; that Connolly instituted suit on the said note, and on July 13, 1891, obtained judgment thereon; that thereafter he collected $3,000 on the said judgment, and that sum, with the balance due on the judgment, making in all $6,532, was, on July 5, 1892, credited on the mortgage note. Appellant claims that when the Barclay & Wilson note was turned over to Bicknell there was an agreement that the land sold to him should be released from the lien of the mortgage, and on this agreement he relies for a reversal of the judgment. The court found: "That said defendant Wicks did not indorse said note to said Bicknell solely or at all in consideration of any contract or agreement to make any releases in the future, nor was any such agreement made, but said Wicks assigned said note as part payment on said note and mortgage described in the complaint herein, and not otherwise; that afterward, while the said Bicknell was in possession of the said note and mortgage set forth in the complaint as collateral security as aforesaid, the defendant Alex. Robertson obtained from the defendant M. L. Wicks an order in writing, addressed to the said Bicknell, to devote the first moneys collected from the said note to Barclay and others to release, from the lien of said mortgage, the above-described land purchased by the defendant Robertson of said Lotspeich, trustee; that the defendant Alex. Robertson

delivered to said Bicknell said written order, but the said Bicknell did not promise the said defendant to make a release of said land as soon as the said Barclay & Wilson note, or a sufficient amount thereof, should be collected, and only three thousand dollars of said Barclay & Wilson note has been collected; that the judgment debtors in the judgment against Barclay & Wilson paid on said judgment the amount of three thousand dollars, and said payment, together with the balance of said judgment, was accepted by said Connolly as a cash payment, and as such credited on the note and mortgage in suit, and is one of the credits heretofore found; but these defendants did not become entitled to have said land released from the lien of said mortgage, nor was there ever any contract or agreement that they, or either of them, should be so entitled.''

The only question is, Was this finding justified by the evidence? We think it was. It would subserve no useful purpose to set out the evidence in detail. Conceding that there was some conflict, still we are confronted with the rule that, in cases of conflict, judgments will not be disturbed on appeal. The order appealed from should be affirmed.

We concur: Chipman, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.